Mr. Donnie R. Coffman 31 Sheraton Drive Little Rock, AR 72209
Dear Mr. Coffman:
You have requested an Attorney General opinion concerning the release of certain records in response to a request that has been presented to the Little Rock School District under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.)
You state that a reporter from the Arkansas Democrat-Gazette has requested certain of your personnel records. You have provided me with copies of the records that the school district has determined are responsive to the request. They are the following:
 • December 8, 1998 letter to you from Jim Fullerton, Principal, Mabelvale Junior High School;
• December 7, 1998 memorandum to you from Jim Fullerton.
You state that the school district has determined that the above-listed records will be released, absent a contrary opinion from this office. You object to the release of these records.
I am directed by law to issue an opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that the custodian's determination that these records should be released is consistent with the FOIA if there has been a final administrative resolution of a suspension or termination decision. However, the student's name and the name of the parent should be redacted from the December 8, 1998 letter prior to the letter's release, as explained more fully below.
The records you have provided constitute "employee evaluation or job performance records" within the meaning of the FOIA. Although the FOIA does not define this phrase, the Attorney General has consistently taken the general position that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See, e.g., Ops. Att'y Gen. Nos.96-132; 91-324. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303. Additionally, this office has consistently opined that records which detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as "employee evaluation or job performance records." See, e.g., Op. Att'y Gen. 1999-360.
It seems clear following these precepts that the letter and the memo in question fall within the category of "employee evaluation or job performance records." Such records are releasable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
If it is determined as a factual matter that there has been a final suspension or termination decision with respect to the subject matter of the letter in question, then the issue in my opinion will turn on whether there is a "compelling public interest" in the records' disclosure. This phrase is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, a recognized authority on the FOIA, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." J. Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
With regard to these particular records, it must be noted that I have previously opined that the public has a compelling interest in records that reflect the conduct of public school teachers during school hours and school-related events, where students were directly impacted. See
Op. Att'y Gen. No. 2001-144. It is therefore my opinion in this instance that the public has a compelling public interest in these records. They should, therefore, in my opinion, be released if there has been a final suspension or termination decision.
As a final note, however, the student's name and the name of the parent should be redacted from the December 8, 1998 memo before its release. Because this record contains a reference to a student, it implicates the Federal Educational Rights Privacy Act (20 U.S.C. § 1232g) (FERPA), as well as a new language that has recently been added to the Arkansas FOIA. The FERPA generally provides that educational institutions can lose their federal funding if they disclose "education records" or "personally identifiable information contained therein" without the written consent of the student (or the student's parent if the student is under the age of eighteen. 20 U.S.C. § 1232g(b)(1). The term "education records" is defined broadly in the FERPA as "records, files, documents and other materials which . . . contain information directly related to a student."20 U.S.C. § 1232g(a)(4)(A). Although the FERPA does contain some exceptions from its confidentiality requirements, the record in question does not fall within any of the exceptions. Therefore, if the school district fails to redact the student's name without the parents' consent before releasing this record, it will risk losing any federal funding that it receives.
Moreover, the student's name and the parent's name should be redacted under a new language that has been added to the Arkansas FOIA. Act 1653 of 2001 added the following language to the FOIA:
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (2) . . . education records as defined in the Federal Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g, unless their disclosure is consistent with the Federal Educational Rights and Privacy Act of 1974[.]
A.C.A. § 25-19-105(b)(2).
Once the student's name and the name of the parent have been redacted, this record must in my opinion be released, along with the December 7, 1998 memo, if there has been a final administrative determination of a suspension or termination decision.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh